UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRANDON E. DOUGLASS,<br><br>            Plaintiff,<br><br>  vs.<br><br>MATT JOHNSON,<br><br>            Defendant. | NO.  CV-05-5112-CI<br><br>REPORT AND RECOMMENDATION TO DISMISS COMPLAINT WITHOUT PREJUDICE AND TO DENY *IN FORMA PAUPERIS* STATUS FOR PURPOSES OF EXHAUSTING AVAILABLE ADMINISTRATIVE REMEDIES |

    Plaintiff, formerly a prisoner housed at the Washington State Penitentiary, now residing in Alaska, brings this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff seeks monetary damages for an alleged assault occurring on October 26, 2005. Plaintiff affirms he has not completed the grievance process.  He requests leave to proceed *in forma pauperis.*

**EXHAUSTION REQUIREMENT**

   A prisoner may not bring any suit with respect to prison conditions "until such administrative remedies as are available are exhausted" (42 U.S.C. § 1997e(a)).  The United States Supreme Court has held in *Booth v. Churner*, 532 U.S. 731, 741 (2001), that an inmate is required to exhaust administrative remedies regardless of what form of relief they are seeking in their complaint.  *See also Porter v. Nussle*, 534 U.S. 516, 532 (2002)("holding the PLRA's exhaustion

REPORT AND RECOMMENDATION -- 1

requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.").

Ordinarily, exhaustion is an affirmative defense which must be raised by defendants. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). When a plaintiff concedes he has not exhausted, however, a district court may dismiss the prisoner case for failure to exhaust. Mr. Douglass indicates the events contained in his complaint occurred within a month of the date he signed it, and he admits the grievance process is not complete. Therefore, his complaint is subject to dismissal for failure to exhaust.

**IT IS RECOMMENDED** this Complaint be **DISMISSED** without prejudice to Plaintiff filing a new action after he has exhausted available administrative. **IT IS FURTHER RECOMMENDED** the application to proceed *in forma pauperis* be **DENIED** to preserve Plaintiff from incurring multiple filing fee obligations.

Plaintiff is free to renew his efforts to file a civil action once all administrative remedies are exhausted. Plaintiff should be mindful of the three year statute of limitations *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002).

**OBJECTIONS**

Any party may object to a magistrate judge's proposed findings, recommendations or report within ten (10) days following service with a copy thereof. Such party shall file with the District Court Executive all written objections, specifically identifying the portions to which objection is being made, and the basis therefor.

REPORT AND RECOMMENDATION -- 2

Attention is directed to Fed. R. Civ. P. 6(e), which adds another three (3) days from the date of mailing if service is by mail.

A district judge will make a *de novo* determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination. The district judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 73, and LMR 4, Local Rules for the Eastern District of Washington. A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

**IT IS SO RECOMMENDED**. The District Court Executive is directed to enter this Report and Recommendation and forward a copy to Plaintiff.

DATED December 30, 2005.

                         S/ CYNTHIA IMBROGNO
                    UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION -- 3